UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARROW DRILLING COMPANY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-141 |
| | § | |
| HANKOOK TIRE MANUFACTURING | § | |
| COMPANY, LTD., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION TO REMAND

Before the Court is Intervenor Jo Dan Carbajal's motion to remand. D.E. 6. For the reasons that follow, his motion to remand is **GRANTED** and this action is **REMANDED** to the 229th District Court of Duval County.

## BACKGROUND

On May 31, 2017, the right front tire on a tractor-trailer owned by Plaintiff Arrow Drilling Company, Inc. (Arrow) de-treaded, causing the truck to roll over. On February 16, 2018, Arrow commenced an action in state court against the tire's manufacturers, Hankook Tire Manufacturing Company, Ltd. and Hankook Tire America Corp., alleging fraud, breach of warranty, and products liability claims. Arrow's petition represented that its damages, including actual and consequential damages, lost time and wages, costs and reasonable attorney's fees, were less than $75,000. D.E. 1-5.

For jurisdictional purposes, Hankook Tire America Corp. (Hankook[1]) is a citizen of New Jersey and Tennessee, and Arrow is a citizen of Texas. The $75,000 amount in controversy requirement, then, was the only obstacle to removal to federal court under 28 U.S.C. § 1441 and 28 U.S.C. § 1332.

On April 16, 2018, the driver of the truck, Intervenor Jo Dan Carbajal, filed a plea in intervention in the state court action. Carbajal's plea asserted similar claims as Arrow's petition, along with a claim arising under the Texas Deceptive Trade Practices Act. Carbajal, who is a citizen of Texas, alleged damages in excess of $1,000,000.

Within 30 days, Hankook removed the case to this Court. Hankook presents two theories as to why federal jurisdiction exists. First, Hankook asserts that the Court may exercise its diversity jurisdiction over Carbajal's claims, as there is complete diversity and the amount in controversy requirement from § 1332 is satisfied. If so, the argument continues, the Court's supplemental jurisdiction as conferred by 28 U.S.C. § 1367 would extend to allow the Court to hear Arrow's claims, as they share a common nucleus of operative fact with Carbajal's claims.

Hankook's second theory of federal jurisdiction contends that Arrow's claims independently satisfy the amount in controversy requirement, notwithstanding Arrow's averment in its state petition. Specifically, Hankook argues that Texas law permits recovery beyond what a plaintiff claims in its petition, and thus there is no need to take at face value Arrow's assertion that its damages are under $75,000.

---

[1] Hankook Tire Manufacturing Company, Ltd. is allegedly domiciled in the Republic of Korea and has yet to appear in this action. It was therefore unnecessary to obtain its consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A) (consent required only from "defendants who have been properly joined and served").

**STANDARD OF REVIEW**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Courts must therefore "scrupulously confine their own jurisdiction to the precise limits which (a federal) statute has defined." *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212 (1971) (citations and internal quotation marks omitted).

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*. This strict construction rule arises because of federalism concerns and "'due regard for the rightful independence of state governments.'" *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)).

**DISCUSSION**

**A. Removal Based on Carbajal's Intervention**

Hankook's first theory of removal posits that the case was not removable as filed, but became removable after Carbajal intervened. As a preliminary matter, the Court notes that Carbajal, who solely asserts claims against Hankook, does not contest that he is properly aligned as a plaintiff or that complete diversity exists because two Texas-resident plaintiffs have asserted claims against a non-Texas resident defendant. *See Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010) ("In ascertaining the proper alignment of

parties for jurisdictional purposes, courts have a duty to look beyond the pleadings, and arrange the parties according to their sides in the dispute.") (citation and quotation marks omitted).

Carbajal's argument in favor of remand bypasses the text of the removal statutes and focuses instead on the voluntary-involuntary rule. The voluntary-involuntary rule is a "judicially-created . . . rule whereby 'an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff.'" *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967)). The voluntary-involuntary rule has a long history, as it predates the 1949 amendment to 28 U.S.C. § 1446(b) that first addressed the removal of cases that were not removable when commenced. *See Weems*, 380 F.2d at 547–48 (holding that voluntary-involuntary rule survived the 1949 amendment to § 1446(b)); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 761 (11th Cir. 2010) ("The traditional rule is that only a voluntary act by the plaintiff may convert a non-removable case into a removable one."). Carbajal argues that his intervention was not the voluntary act of Arrow, and thus the action remains nonremovable.

As an offshoot of the voluntary-involuntary rule, Carbajal relies on a number of district court opinions to argue as a categorical matter that removal may not be predicated upon an intervenor's complaint.[2] He suggests that *Schexnayder v. Entergy Louisiana,*

---

[2] *See, e.g., Brown v. Tax Ease Lien Invs., LLC*, 77 F. Supp. 3d 598, 602 (W.D. Ky. 2015) ("Intervening complaints—even when they would have been removable if filed first—do not support removal."); *Benson v. Benson*, No. 5:15-cv-202, 2015 WL 3622335, at *4 (W.D. Tex. June 9, 2015) ("The intervention of the Co-receivers

*Inc.*, 394 F.3d 280 (5th Cir. 2004), affirmed one such case. However, *Schexnayder* noted that the district court had premised its remand order on two alternate holdings, one of which was that removal could not be based on an intervening complaint asserting a federal cause of action. *Id.* at 283. The Fifth Circuit dismissed for lack of appellate jurisdiction and so did not address the question of whether the district court had erred in that holding. *Id.* at 285.

For its part, Hankook relies on *Balog v. Jeff Bryan Transport LTD*, No. CIV-10-505-D, 2010 WL 3075288 (W.D. Okla. Aug. 5, 2010), a case with conceded factual similarities to the one at hand. In *Balog*, John Balog sued a number of non-resident defendants in state court for injuries arising out of an automobile accident. Teresa Balog, individually and on behalf of her minor children, intervened as a party plaintiff to assert her own claims arising out of the same accident. Although John claimed to seek less than the amount in controversy threshold, the district court held that the action was properly removable because Teresa's claims sought more than $75,000 in damages.[3] The court then exercised its supplemental jurisdiction over John's claims and denied the Balogs' joint motion to remand.

---

was not a voluntary act by Plaintiff and thus cannot provide a basis for Defendant's removal."); *Murphy v. Joshua Fin. Servs., Inc.*, No. CIV.A.3:06CV1253-K, 2006 WL 3299999, at *1 (N.D. Tex. Oct. 24, 2006) ("[R]emoval may not be based on an intervening petition or complaint."); *Scott v. Perma-Pipe, Inc.*, No. CIV.A. 15-01715, 2015 WL 4661623, at *3 (W.D. La. July 30, 2015) ("The intervention of Advantage was not a voluntary act by Plaintiffs, and cannot provide a basis for Perma's removal.").

[3] Complete diversity was not at issue.

*Balog* is a nonbinding, unpublished district court opinion, and its persuasive weight is counterbalanced by the nonbinding, unpublished district court opinions that Carbajal marshals in support of remand. *Balog* also does not seem to have confronted the voluntary-involuntary rule.

Beyond analogizing to *Balog*, Hankook accuses Arrow and Carbajal of colluding to avoid federal court. As evidence, Hankook points to the similarity of Arrow's and Carbajal's pleadings, down to the identical wording used to describe the accident. Neither Arrow nor Carbajal has asserted any claims against the other, and Hankook represents that Arrow has not yet served process upon it. Arrow also supplied Carbajal with an affidavit of the type that few litigants would volunteer; in it, Arrow's president swears that Arrow will not seek or accept $75,000 or more in damages. D.E. 6-1. Hankook argues that the obvious collusion between Arrow and Carbajal should constitute an exception to the voluntary-involuntary rule, as it "effectively renders the Plea in Intervention a voluntary act of" Arrow. D.E. 9, p. 2.

Hankook cites no authority for its proposed collusion exception, however, and the Court is mindful both that Hankook bears the burden of establishing federal jurisdiction and that "[a]ny 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'" *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). In light of the applicable standard of review, the Court holds that Hankook has not met its burden of showing that the case is removable as a result of

Carbajal's intervention. The Court need not address whether it may exercise supplemental jurisdiction over Arrow's claims.

## B. Removal Based on Arrow's Petition

Hankook's second theory of federal jurisdiction asserts that the case is removable because a full and fair reading of Arrow's petition shows that Arrow's claims independently meet the amount in controversy requirement. D.E. 1, p. 6. This argument also fails.

Ordinarily, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" for purposes of determining removability. 28 U.S.C. § 1446(c)(2). There is an exception, however, where state law allows a plaintiff to recover greater damages than stated in the initial pleading. Section 1446(c)(2) provides:

> If removal of a civil action is sought on the basis of jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—

> (A) The notice of removal may assert the amount in controversy if the initial pleading seeks—

> > (i) nonmonetary relief; or

> > (ii) a money judgment, *but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded*; and

> (B) Removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the

> amount in controversy exceeds the amount specified in section 1332(a).

*Id.* (emphasis added). Hankook argues that Texas law permits recovery of damages beyond those alleged in the petition and thus Arrow's pled damages do not control.

The Supreme Court recently discussed the procedure that applies in removed cases where the parties dispute whether the amount in controversy requirement is met. First, the defendant's notice of removal need contain "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). If the plaintiff challenges the defendant's allegation regarding amount in controversy, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* This formulation does not appear to upset prior Fifth Circuit practice, although the Fifth Circuit has also traditionally allowed a removing defendant to discharge the preponderance-of-the-evidence burden by showing that it is apparent from the face of the plaintiff's pleading that the amount in controversy exceeds $75,000.[4] *See Manguno*, 276 F.3d at 723 (removing defendant may establish amount in controversy requirement by a preponderance of the evidence "if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or,

---

[4] *Cf. Mason v. Danza*, No. 1:17-CV-00744, 2017 WL 7048525, at *2 n.2 (W.D. La. Dec. 28, 2017) ("Prior to *Dart Cherokee*, a removing defendant could satisfy its burden of supporting federal jurisdiction by establishing that it was 'facially apparent' from the petition that the claims probably exceed $75,000. It is unclear, however, whether this alternative method of proof survives *Dart Cherokee*." (citations omitted)), *report and recommendation adopted*, No. 1:17-CV-00744, 2018 WL 522732 (W.D. La. Jan. 23, 2018).

alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount") (citation omitted).

It is not apparent from the face of Arrow's pleading that the amount in controversy exceeds $75,000, and only Carbajal has submitted evidence (the affidavit from Arrow's president) regarding the amount in controversy.[5] Hankook attempts to meet its burden by pointing to Arrow's demand for attorney's fees, but "[c]onclusory statements about potential attorney's fees . . . are not sufficient to confer federal jurisdiction." *Findley v. Allied Fin. Adjusters Conference, Inc.*, No. CV H-15-2699, 2015 WL 7738077, at *4 (S.D. Tex. Dec. 1, 2015). Hankook also claims that it gained a new appreciation for Arrow's plea for lost wages after seeing that Carbajal's claimed damages, which included a claim for lost wages, exceeded $1,000,000. *See* D.E. 1, p. 7 ("If Intervenor's alleged damages, including lost wages, exceed $1,000,000.00, then Plaintiff's damages, including lost wages, should exceed $75,000.00."). The Court is puzzled why Arrow has made a claim for lost wages, but in any event that claim does not appear to have anything to do with Carbajal's lost wages claim.

## **CONCLUSION**

Hankook has not met its burden of showing that the Court has jurisdiction. For the reasons set out above, the Court **GRANTS** Plaintiff's motion to remand (D.E. 6). The Court **ORDERS** this action **REMANDED** to the 229th District Court of Duval County,

---

[5] Hankook argues the post-removal affidavit should be disregarded. Even if the Court disregards the affidavit, the burden is still on Hankook to show by a preponderance that Arrow's claims exceed the amount in controversy.

the court from which it was removed. The Court instructs the Clerk to terminate this federal action.

ORDERED this 19th day of September, 2018.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE